IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NETTIE GRIFFIN,**

    **Plaintiff,**

v.                                    No. CIV-15-0780 MCA/LAM

**NATHAN KINNISON, MARK MORRISON,
and SHOWN GORE, all as
Roosevelt County Sherriff's Officers,**

    **Defendants**

# SCHEDULING ORDER

**THIS MATTER** came before the Court on a telephonic Rule 16 Initial Scheduling Conference held on September 8, 2016. Following a review of the parties' Joint Status Report and Provisional Discovery Plan, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of twenty-five (25) Interrogatories, including all discrete subparts, by each party to any other party (responses due 30 days after service);

    b)    Maximum of twenty-five (25) Requests for Production by each party to any other party (responses due 30 days after service);

    c)    Maximum of twenty-five (25) Requests for Admission by each party to any other party (responses due 30 days after service);

    d)    Maximum of ten (10) depositions by Plaintiff(s) and ten (10) depositions by Defendant(s); and

  e)  Depositions of named parties and experts are limited to 7 hours, unless extended by agreement of the parties; depositions other than of named parties and experts are limited to 7 hours unless extended by agreement of the parties.

The following case management deadlines have been set:

  a)  Deadline for Plaintiff(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: **October 1, 2016**

  b)  Deadline for Defendant(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: **November 1, 2016**

  c)  Plaintiff(s)' Rule 26 (a)(2) expert disclosure[1]: **December 8, 2016**

  d)  Defendant(s)' Rule 26 (a)(2) expert disclosure[1]: **January 9, 2017**

  e)  Termination date for discovery: **February 8, 2017**

  f)  Motions relating to discovery to be filed by: **March 1, 2017**

  g)  Pretrial motions other than discovery motions (including motions which may require a Daubert hearing) filed by: **March 22, 2017**

  h)  Pretrial Order: Plaintiff(s) to Defendant(s) by: **June 8, 2017**
      Defendant(s) to Court by: **June 22, 2017**

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery deadline. These deadlines shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take

---

[1] All expert witnesses must be disclosed by this date, but only those who are retained or specifically employed to provide expert testimony must submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.*, 493 F.Supp. 2d 1174 (D.N.M. 2007), and *Blodgett v. United States*, 2008 WL 1944011 (D. Utah). Expert witnesses not required to provide a written report must provide a summary disclosure under Rule 26(a)(2)(C) by this date. The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.

deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery. The deadline for motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall not be construed to extend the twenty-one (21) day time limit in D.N.M. LR-Civ. 26.6. *See* D.N.M. LR-Civ. 7 for motion practice requirements and timing of responses and replies. If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M. LR-Civ. 10.6. Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

A Settlement Conference will be set for **February 9, 2017 at 9:30 a.m., in Las Cruces, New Mexico.**

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**